**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LEONARDO ALVAREZ-FLORES,

Plaintiff-Appellant,

v.

JAY STANLEY JONES, Orthopedic
Surgeon, in his official and individual
capacity,

Defendant-Appellee.

No. 08-3065
(D.C. No. 5:05-CV-03261-CM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

Leonardo Alvarez-Flores, an inmate incarcerated in the Kansas Department

of Corrections, filed a civil rights complaint under 42 U.S.C. § 1983, alleging a

denial of adequate medical care in violation of his constitutional rights. He

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeals pro se from the district court's entry of summary judgment in favor of all

defendants. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We quote in full the substantive portion of Mr. Alvarez-Flores's appeal

brief:

**1. Statement of the Case.** (This should be a <u>brief</u> summary of the proceedings in the district court.) n/a

**2. Statement of Facts Relevant to the Issues Presented for Review.** n/a

**3. Statement of Issues.**
    **a. First Issue:** n/a
    **Argument and Authorities:**

    **b. Second Issue:** n/a
    **Argument and Authorities:**

**4. Do you think the district court applied the wrong law? If so, what law do you want applied?** n/a

**5. Did the district court incorrectly decide the facts? If so, what facts?** n/a

**6. Did the district court fail to consider important grounds for relief? If so, what grounds?** That I had 15 to 50 years on my sentence and I'd have no possible way of paying restitution.

**7. Do you feel that there are any other reasons why the district court's judgment was wrong? If so, what?** n/a

**8. What action do you want this court to take in your case?** dismiss any restitution fees.

**9. Do you think the court should hear oral argument in this case? If so, why?** n/a

Aplt. Br. at 2-4.

"Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation, brackets, and internal quotation marks omitted). "Under [Federal Rule of Appellate Procedure] 28, which applies equally to pro se litigants, a brief must contain more than a generalized assertion of error, with citations to supporting authority." *Id.* at 841 (ellipsis and internal quotation marks omitted). This court provides pro se litigants with a form to guide them in presenting their appellate issues and arguments. When properly completed, we accept this form in lieu of a formal brief. But perfunctory allegations of error that fail to frame and develop an issue are insufficient to invoke appellate review. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).

Mr. Alvarez-Flores submitted his brief using the pro se form, but he answered "n/a" to all but two of the questions. We are unable to discern the nature of his allegation of error from the remainder of his responses. He asserts that this court should "dismiss any restitution fees," Aplt. Br. at 4, yet the district court did not enter a restitution order in this case. Even liberally construed, his brief is "wholly inadequate to preserve issues for review" and we decline to

exercise our discretion to "delve for substance" in it in order to consider his appeal. *Garrett*, 425 F.3d at 840.

The judgment of the district court is AFFIRMED. Appellant's motion for leave to proceed on appeal without prepayment of the filing fee is DENIED.

Entered for the Court

Harris L Hartz
Circuit Judge